B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | **VOLUNTARY PETITION** |
|---|---|
| **District of New Jersey** | |

| Name of Debtor (if individual, enter Last, First, Middle): Ashley Stewart Holdings, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): N/A | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 27-3626790 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): N/A |
| Street Address of Debtor (No. and Street, City, and State): 100 Metro Way Secaucus, New Jersey                    ZIP CODE 07094 | Street Address of Joint Debtor (No. and Street, City, and State): N/A                    ZIP CODE |
| County of Residence or of the Principal Place of Business: Hudson | County of Residence or of the Principal Place of Business: N/A |
| Mailing Address of Debtor (if different from street address):                    ZIP CODE | Mailing Address of Joint Debtor (if different from street address): N/A                    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): See Attached Schedule 1                    ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check one box.) | **Nature of Business** (Check one box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> ☑ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business <br> ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☑ Other | ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☑ Chapter 11 <br> ☐ Chapter 12 <br> ☐ Chapter 13 <br><br> ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding <br> ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors** Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity** (Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Ashley Stewart Holdings, Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** *(If more than two, attach additional sheet.)* |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** *(If more than one, attach additional sheet.)* |||
|---|---|---|
| Name of Debtor:  See Schedule 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)



☐    Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____

    Signature of Attorney for Debtor(s)    (Date)

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

                   _____
                   (Name of landlord that obtained judgment)

                   _____
                   (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) — Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Ashley Stewart Holdings, Inc. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C § 342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>     Signature of Debtor<br><br>X _____<br>     Signature of Joint Debtor<br><br>_____<br>     Telephone Number (if not represented by attorney)<br><br>_____<br>     Date | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>     (Signature of Foreign Representative)<br><br>_____<br>     (Printed Name of Foreign Representative)<br><br>_____<br>     Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X  **/s/ Michael D. Sirota**<br>     Michael D. Sirota<br>     Ilana Volkov<br>     COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.<br>     Court Plaza North<br>     25 Main Street<br>     Hackensack, NJ 07601<br>     Telephone: (201) 489-3000<br>     Facsimile: (201) 489-1536<br><br>     Steven J. Reisman<br>     Cindi M. Giglio (pro hac vice pending)<br>     Bryan M. Kotliar (pro hac vice pending)<br>     CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>     101 Park Avenue<br>     New York, NY 10178-0061<br>     Telephone: (212) 696-6000<br>     Facsimile: (212) 697-1559<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  *[signature]*<br>Signature of Authorized Individual<br>**Michael A. Abate**<br>Printed Name of Authorized Individual<br>**Senior Vice President Finance/Treasurer**<br>Title of Authorized Individual<br>**March 10, 2014**<br>Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C § 110; 18 U.S.C § 156.* |

## Schedule 1

### Location of Principal Assets

| | | |
|---|---|---|
| Albany, GA | Forestville, MD | Newark, NJ |
| Atlanta, GA | Fort Lauderdale, FL | Norfolk, VA |
| Atlantic City, NJ | Fort Worth, TX | North Charleston, SC |
| Augusta, GA | Greenbelt, MD | North Riverside, IL |
| Balch Springs, TX | Greensboro, NC | Oak Park, MI |
| Baltimore, MD | Greenville, SC | Orlando, FL |
| Baton Rouge, LA | Gretna, LA | Oxon Hill, MD |
| Beaumont, TX | Harper Woods, MI | Philadelphia, PA |
| Birmingham, AL | Harvey, LA | Plantation, FL |
| Bossier City, LA | Hawthorne, CA | Portsmouth, VA |
| Boston, MA | Hayward, CA | Queens, NY |
| Bowie, MD | Hempstead, NY | Redford, MI |
| Bronx, NY | Highland Park, MI | Richmond Heights, OH |
| Brooklyn, NY | Houston, TX | Richmond, VA |
| Calumet City, IL | Hyattsville, MD | Ridgeland, MS |
| Calumet Park, IL | Indianapolis, IN | Rochester, NY |
| Charlotte, NC | Inglewood, CA | Rocky Mount, NC |
| Cherry Hill, NJ | Jacksonville, FL | Roxbury, MA |
| Chicago, IL | Jamaica, NY | Sacramento, CA |
| Cincinnati, OH | Jennings, MO | San Pablo, CA |
| Cleveland Heights, OH | Jersey City, NJ | Savannah, GA |
| Cleveland, OH | Kansas City, MO | Seat Pleasant, MD |
| Columbia, SC | Kenner, LA | Secaucus, NJ |
| Columbus, OH | Landover, MD | Southaven, MS |
| Compton, CA | Largo, MD | Southfield, MI |
| Culver City, CA | Lathrup Village, MI | St Croix |
| Dallas, TX | Liningston, NJ | St. Louis, MO |
| Dearborn, MI | Lithonia, GA | Stratford, CT |
| Decatur, GA | Los Angeles, CA | Toledo, OH |
| Detroit, MI | Louisville, KY | Union, NJ |
| Douglasville, GA | Macon, GA | University City, MO |
| Durham, NC | Maple Heights, OH | Upper Darby, PA |
| East Orange, NJ | Markham, IL | Valley Stream, NY |
| Eddystone, PA | Marlowe Heights, MD | Waldorf, MD |
| Edgewood, PA | Matteson, IL | Washington, DC |
| Elizabeth, NJ | Memphis, TN | Winston-Salem, NC |
| Emeryville, CA | Miami, FL | Woodbridge, NJ |
| Ewing, NJ | Milwaukee, WI | Woodlawn, OH |
| Fairview Heights, IL | Montgomery, AL | Yonkers, NY |
| Fayatteville, NC | Morrow, GA | |
| Fayetteville, GA | New Haven, CT | |
| Forest Park, IL | New York, NY | |

**<u>Schedule 2</u>**

**List of Affiliated Debtors**

Ashley Stewart Holdings, Inc.
New Ashley Stewart, Inc.
AS IP Holdings, Inc.
NAS Gift LLC

**CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
   and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
   FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
   and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 14-<br><br>(Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS
HOLDING THE THIRTY (30) LARGEST UNSECURED CLAIMS
<u>AGAINST THE DEBTORS</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ashley Stewart Holdings, Inc. (6790); New Ashley Stewart, Inc. (6655); AS IP Holdings, Inc. (6890); and NAS Gift LLC (5413). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, NJ 07094.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The following is a consolidated list of the Debtors' creditors holding the thirty (30) largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately March 7, 2014. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims on a consolidated basis. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

In re Ashley Stewart Holdings, Inc. et al.
Consolidated List of Creditors Holding the Largest Unsecured Claims

| Name of Creditor | Rank | NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (bond debt, trade debt, bank loan, government contracts, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured, also state value of security) |
|---|---|---|---|---|---|
| FEDERAL EXPRESS CORP | 1 | FEDERAL EXPRESS CORP<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 1140 DEPT A<br>MEMPHIS, TN 38101-1140<br>EMAIL: PATTI.ZETZ@FEDEX.COM | FREIGHT | | $824,700.86 |
| BY DESIGN LLC | 2 | BY DESIGN LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1441 BROADWAY<br>4TH FLOOR<br>NEW YORK, NY 10018<br>FAX: 212 303-4556 | MERCHANDISE | | $737,102.08 |
| LES VETEMENTS MULTIWEAR INC. | 3 | LES VETEMENTS MULTIWEAR INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>8211 17E AVE<br>SUITE# 201<br>MONTREAL, QC H1Z 4J9<br>CANADA<br>EMAIL: MULTWEAR@TOTAL.NET | MERCHANDISE | | $526,621.94 |
| HIGH ACCESSORIES | 4 | HIGH ACCESSORIES<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>72 68TH STREET<br>GUTTENBERG, NJ 07093<br>EMAIL: AMER@HIGHACCESSORIES.COM<br>FAX: 201 868-0668 | MERCHANDISE | | $233,284.17 |
| LTL EXPRESS, LLC (TRIANGLE) | 5 | LTL EXPRESS, LLC (TRIANGLE)<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>9 S HACKENSACK AVE<br>BLDG 43<br>KEARNY, NJ 07032<br>FAX: 973 817-7030 | FREIGHT | DISPUTED | $215,000.00 |
| HANA FINANCIAL | 6 | HANA FINANCIAL<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 92943<br>LOS ANGELES, CA 90009<br>FAX: 213 228-1166 | MERCHANDISE (FACTOR) | | $214,850.59 |
| LORI-MICHAELS MANUFACTURING | 7 | LORI-MICHAELS MANUFACTURING<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>225 CHABANEL OUEST<br>SUITE #505<br>MONTREAL, QC H2N 2C9<br>CANADA<br>FAX: 514-389-5338 | MERCHANDISE | | $193,178.55 |
| UNION APPAREL GROUP, LTD | 8 | UNION APPAREL GROUP, LTD<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>231 WEST 39TH STREET<br>SUITE 309<br>NEW YORK, NY 10018<br>EMAIL: THALIACHAO@UNIONAPPARELLTD.COM | MERCHANDISE | | $186,945.47 |
| EMCON ASSOCIATES INC | 9 | EMCON ASSOCIATES INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>74 BRICK BOULEVARD<br>BRICK, NJ 08723<br>EMAIL: PHILIP.SWANGER@EMCONFM.COM<br>FAX: 732-920-0420 | FACILITIES | | $174,264.90 |
| TRINITY WARRANTY SOLUTIONS LLC | 10 | TRINITY WARRANTY SOLUTIONS LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 5640<br>VILLA PARK, IL 60181-5640<br>EMAIL: SPEARST@TRINITYWARRANTY.COM<br>FAX: 312-445-8726 | FACILITIES | | $161,480.29 |
| MISTER NOAH | 11 | MISTER NOAH<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1824 BYBERRY ROAD<br>BENSALEM, PA 19020-8533<br>FAX: 212 354-1740 | MERCHANDISE | | $145,233.76 |

In re Ashley Stewart Holdings, Inc. et al

Consolidated List of Holding Co. Largest Unsecured Claims

| Name of Creditor | Rank | NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (bond debt, trade debt, bank loan, government contracts, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured, also state value of security) |
|---|---|---|---|---|---|
| WELLS FARGO BANK | 12 | WELLS FARGO BANK<br>JULIE DOMINGUES<br>190 RIVER ROAD<br>SUMMIT, NJ 07901<br>EMAIL: JULIE.DOMINGUES@WELLSFARGO.COM | MERCHANDISE (FACTOR) | | $143,966.00 |
| LSQ FUNDING GROUP | 13 | LSQ FUNDING GROUP<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 404322<br>ATLANTA, GA 30384-4322<br>FAX: 407-210-1977 | MERCHANDISE (FACTOR) | | $137,222.82 |
| METTEL | 14 | METTEL<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>METROPOLITAN TELECOMMUNICATION<br>P.O.BOX 9660<br>MANCHESTER, NH 03108-9660<br>EMAIL: TCOHEN@METTEL.NET | UTILITIES | | $131,976.38 |
| BROOKLYN KINGS PLAZA LLC | 15 | BROOKLYN KINGS PLAZA LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>MANAGEMENT OFFICE<br>5100 KINGS PLAZA<br>BROOKLYN, NY 11234<br>EMAIL: MARK.SLADE@MACERICH.COM | RENT | | $131,745.57 |
| GORDON BROTHERS RETAIL PARTNERS LLC | 16 | GORDON BROTHERS RETAIL PARTNERS LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>101 HUNTINGTON AVENUE<br>BOSTON, MA 02199<br>FAX: 617-422-6222 | PROFESSIONAL | | $131,373.86 |
| ROSENTHAL FACTORS | 17 | ROSENTHAL FACTORS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>1370 BROADWAY<br>NEW YORK, NY 10018<br>EMAIL: INFO@ROSENTHALINC.COM | MERCHANDISE (FACTOR) | | $127,000.20 |
| DATAVANTAGE CORPORATION | 18 | DATAVANTAGE CORPORATION<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>30500 BRUCE INDUSTRIAL PARKWAY<br>CLEVELAND, OH 44139-3942<br>FAX: 440-498-4430 | MIS | | $124,734.70 |
| NEXT GENERATION FULTON LLC | 19 | NEXT GENERATION FULTON LLC<br>NEXT GENERATION CHERA II, C/O CROWN<br>ACQUISITIONS, INC.<br>767 FIFTH AVENUE<br>24TH FLOOR<br>NEW YORK, NY 10153<br>EMAIL: ICHERA@CACQ.COM<br>FAX: 212-629-9424 | RENT | | $121,667.45 |
| BRANCH BANKING AND TRUST | 20 | BRANCH BANKING AND TRUST<br>MICHELLE STEWART<br>2 SOUTH UNIVERSITY DR. SUITE 100<br>PLANTATION, FL 33324<br>EMAIL: MICHELE.STEWART@BBANDT.COM | MERCHANDISE (FACTOR) | | $104,958.71 |
| 216-220 WEST 125TH ST LLC | 21 | 216-220 WEST 125TH ST LLC<br>C/O WHARTON REALTY<br>500 FIFTH AVENUE 54TH FLOOR<br>NEW YORK, NY 10110<br>EMAIL: MK@JEFFSUTTON.COM | RENT | | $103,585.83 |
| THE JAY GROUP INC. | 22 | THE JAY GROUP INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>700 INDIAN SPRING DRIVE<br>LANCASTER, PA 17601<br>FAX: 717-285-6274 | ECOMMERCE | | $98,267.29 |
| ME FASHION INC. | 23 | ME FASHION INC.<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>530 FASHION AVE<br>SUITE 1102<br>NEW YORK, NY 10018<br>EMAIL: INFO@KARMABLUEDENIM.COM | MERCHANDISE | | $94,993.00 |

In re Ashley Stewart Holdings, Inc. et al
Consolidated List of Creditors Holding the 30 Largest Unsecured Claims

| Name of Creditor | Rank | NAME OF CREDITOR,COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (bond debt, trade debt, bank loan, government contracts, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured, also state value of security) |
|---|---|---|---|---|---|
| PR PRINCE GEORGES PLAZA, LLC | 24 | PR PRINCE GEORGES PLAZA, LLC C/O PREIT SERVICES LLC -  ATTN: GENERAL COUNSEL 200 SOUTH BROAD STREET THE BELLEVUE, THIRD FLOOR PHILADELPHIA, PA 19102 FAX: 215-546-7311 | RENT | | $94,128.52 |
| MAVERICK MANAGEMENT CORP. | 25 | MAVERICK MANAGEMENT CORP. ATTN: PRESIDENT OR GENERAL COUNSEL 1000 PENNSYLVANIA AVENUE BROOKLYN, NY 11207-9959 EMAIL: ACHEHEBAR@MAVERICKMGMT.COM | RENT | | $92,210.44 |
| FORD GLORY INC. DBA KARMA BLUE | 26 | FORD GLORY INC. DBA KARMA BLUE ATTN: PRESIDENT OR GENERAL COUNSEL 147W 35TH STREET SUITE 1603 NEW YORK, NY 10001 EMAIL: INFO@KARMABLUEDENIM.COM | MERCHANDISE | | $88,429.55 |
| DIVERSIFIED DISTRIBUTION | 27 | DIVERSIFIED DISTRIBUTION ATTN: PRESIDENT OR GENERAL COUNSEL 7351 BOONE AVENUE NORTH BROOKLYN PARK, MN 55428-1007 FAX: 612 813-5205 | SUPPLIES | | $85,139.63 |
| SPANX, INC. | 28 | SPANX, INC. ATTN: PRESIDENT OR GENERAL COUNSEL PO BOX 934081 ATLANTA, GA 31193-4081 FAX: 404-321-1608 | MERCHANDISE | | $83,284.51 |
| BELARDI OSTROY | 29 | BELARDI OSTROY ATTN: PRESIDENT OR GENERAL COUNSEL 16 WEST 22ND STREET NEW YORK, NY 10010 FAX: 212-381-1745 | PROFESSIONAL | | $82,367.02 |
| TWO-ONE-TWO NEW YORK INC | 30 | TWO-ONE-TWO NEW YORK INC ATTN: PRESIDENT OR GENERAL COUNSEL 1410 BROADWAY SUITE 2104 NEW YORK, NY 10018 FAX: 212-840-2529 | MERCHANDISE | | $82,199.58 |

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors*
  *and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,**
  **FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors*
  *and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1] | Case No. 14- |
| Debtors. | (Joint Administration Requested) |

**DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE LARGEST UNSECURED CLAIMS**
**<u>AGAINST THE DEBTORS</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ashley Stewart Holdings, Inc. (6790); New Ashley Stewart, Inc. (6655); AS IP Holdings, Inc. (6890); and NAS Gift LLC (5413).  The Debtors' corporate offices are located at 100 Metro Way, Secaucus, NJ 07094.

I, Michael A. Abate, Senior Vice President Finance/Treasurer and an authorized officer of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the largest unsecured claims against the Debtors and that it is true and correct as of the date specified below, to the best of my knowledge, information and belief.

Dated: March 10, 2014

Michael A. Abate
Sr. Vice President Finance/Treasurer

17492065v1

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors*
 *and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,**
 **FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors*
 *and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., | Case No. 14- |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS
## AND CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor-in-possession submits the following information:

| Debtor | Equity Holder(s)[1] |
|---|---|
| Ashley Stewart Holdings, Inc. | See Attached Annex 1 |
| New Ashley Stewart, Inc. | Ashley Stewart Holdings, Inc. (100%) |
| AS IP Holdings, Inc. | Ashley Stewart Holdings, Inc. (100%) |
| NAS Gift LLC | New Ashley Stewart, Inc. (100%) |

---

[1] Other than the entities set forth on Annex 1, each of the Equity Holders is an affiliate, general partner, or partnership of Ashley Stewart Holdings, Inc. with a chapter 11 petition pending in this district. The mailing address for each of the Equity Holders not listed on Annex 1 is 100 Metro Way, Secaucus, NJ 07094.

**Annex 1**

**Ashley Stewart Holdings, Inc. Common Stock**

| Name and Address | Number of Shares | % of Class A Stock |
|---|---|---|
| 1903 Equity Fund, L.P.<br>101 Huntington Avenue, 10th Floor<br>Boston, MA 02199 | 387.50 | 77.40% |
| 1903 Co-Investor, L.P.<br>101 Huntington Avenue, 10th Floor<br>Boston, MA 02199 | 107.50 | 21.47% |
| M. Cecilia Clancy<br>c/o New Ashley Stewart, Inc.<br>100 Metro Way<br>Secaucus, NJ 07094 | 4.5904 | 0.92% |
| A. David Brown<br>c/o New Ashley Stewart, Inc.<br>100 Metro Way<br>Secaucus, NJ 07094 | 0.3060 | 0.06% |
| Cosmo LaForgia<br>c/o New Ashley Stewart, Inc.<br>100 Metro Way<br>Secaucus, NJ 07094 | 0.3060 | 0.06% |
| Kristen T. Gaskins<br>c/o New Ashley Stewart, Inc.<br>100 Metro Way<br>Secaucus, NJ 07094 | 0.3060 | 0.06% |
| Michael A. Abate<br>c/o New Ashley Stewart, Inc.<br>100 Metro Way<br>Secaucus, NJ 07094 | 0.1530 | 0.03% |

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors*
  *and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,**
  **FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors*
  *and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ASHLEY STEWART HOLDINGS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 14-<br><br>(Joint Administration Requested) |

**DECLARATION REGARDING**
**LIST OF EQUITY SECURITY HOLDERS**
**AND CORPORATE OWNERSHIP STATEMENT**

I, Michael A. Abate, Senior Vice President Finance/Treasurer and an authorized

officer of the above-captioned debtor and debtor-in-possession in this chapter 11 case, declare

under penalty of perjury that I have reviewed the foregoing list of equity security holders and

17492069v1

corporate ownership statement and that it is true and correct as of the date specified below, to the best of my knowledge, information and belief.

Dated: March 10, 2014

Michael A. Abate
Sr. Vice President Finance/Treasurer

-2-

**CURTIS, MALLET-PREVOST,**
   **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors*
  *and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,**
   **FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors*
  *and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., | Case No. 14- |
| Debtor. | (Joint Administration Requested) |

## ASHLEY STEWART HOLDINGS, INC.'S STATEMENT PURSUANT
## TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)

For its Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1),

Ashley Stewart Holdings, Inc., a Delaware corporation (the "Debtor"), respectfully represents

that the following entities own 10% or more of any class of the Debtor's equity interests.

17492076v1

<u>Common Stock</u>

1903 Equity Fund, L.P.
1903 Co-Investor, L.P.

Dated:  March 10, 2014

_____
Michael A. Abate
Sr. Vice President Finance/Treasurer

17492076v1

## CERTIFICATE OF RESOLUTIONS

I, Michael A. Abate, do hereby certify that: (a) I am (i) the duly elected, qualified and acting Senior Vice President Finance/Treasurer and Secretary of Ashley Stewart Holdings, Inc., a Delaware corporation, (ii) the duly elected, qualified and acting Senior Vice President Finance/Treasurer and the sole member of the Board of Directors of each of New Ashley Stewart, Inc., a Delaware corporation, and AS IP Holdings, Inc., a Delaware corporation, and (iii) the duly elected, qualified and acting Senior Vice President Finance/Treasurer and the sole Manager of NAS Gift LLC, a Virginia limited liability company; (b) the following resolutions were duly adopted by the Boards of Directors or Manager, as applicable, of the aforesaid entities as of the dates set forth below, in accordance with the requirements of Delaware corporation law and Virginia limited liability company law, as applicable; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof:

A.    On March 9, 2014, Ashley Stewart Holdings, Inc., at a meeting of its Board of Directors, adopted the following resolutions:

### Confirmation of Retention of Counsels and Advisors

RESOLVED, that the Board of Directors hereby ratifies and approves the retention by the Corporation of (i) the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP as its general restructuring counsel, and (ii) the firm of PricewaterhouseCoopers LLP as its financial restructuring advisor; and be it further

RESOLVED, that the Board of Directors hereby ratifies and approves the retention by the Corporation of the law firm of Cole, Schotz, Meisel, Forman & Leonard P.A. as its New Jersey bankruptcy counsel.

### Filing of Chapter 11 Petition

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, employees, stockholders, and other interested parties, that a voluntary petition be filed by the Corporation and its direct and indirect subsidiaries (each, a "Filing Subsidiary") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), including any and all related schedules, motions, lists, applications, pleadings and other papers, copies of which have been provided to the Board of Directors of the Corporation on or prior to the date hereof; and be it further

RESOLVED, that the officers of the Corporation or any one of them (collectively, the "Officers" and each, individually, an "Officer") be, and each hereby is, authorized, empowered and directed on behalf of the Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of New Jersey or such other jurisdictions as the Corporation shall deem appropriate (the "Bankruptcy Court"), in such form and at such time as the Officer executing said petition shall

17619219

determine together with all related schedules, motions, lists, applications, pleadings and other papers, as soon as practicable (the "Bankruptcy Case"); and be it further

RESOLVED, that the Corporation be, and it hereby is, authorized and directed to cause each Filing Subsidiary to take any and all action, including authorizing a filing in Bankruptcy Court, and to execute and deliver any and all documents, agreements, motions and pleadings as are necessary or appropriate to enable such Filing Subsidiary to carry out the filing in Bankruptcy Court contemplated hereby.

### *Debtor-in-Possession Financing*

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, employees, stockholders, and other interested parties, for the Corporation to execute and deliver that certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), to be executed and entered into by and among New Ashley Stewart, Inc., as the lead borrower, the borrowers named therein, the Corporation, as a guarantor, the other guarantors named therein, Salus Capital Partners, LLC ("Salus"), as administrative agent and collateral agent, and the other lenders party thereto, pursuant to which the lenders party thereto will make a senior secured, super-priority debtor-in-possession revolving credit facility in an amount of up to $17,500,000 (the "DIP Facility") available to New Ashley Stewart, Inc. and AS IP Holdings, Inc. upon the entry by the Bankruptcy Court of an Interim Financing Order (as the same may be amended, supplemented or modified by a Final Financing Order), such DIP Credit Agreement to be substantially in the form presented to the Board of Directors, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the terms and conditions of the DIP Facility be and are hereby approved in all respects (including the roll-up of the existing credit facility with Salus into the DIP Facility) and that the Corporation be, and hereby is, authorized to incur all obligations to be incurred by it under the DIP Credit Agreement, including to act as guarantor thereunder, as applicable, and to undertake any and all related transactions contemplated thereby; and be it further

RESOLVED, that the Board of Directors hereby approves the execution and delivery and/or acknowledgment of the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) to which the Corporation will be a party, including, without limitation,

    (a)      a Guaranty Agreement among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

    (b)      a Security Agreement among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

17619219

(c)     a Confirmation and Amendment of Ancillary Loan Documents among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus; and

(d)     a Ratification of Intercreditor and Subordination Agreement among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

each with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the Corporation be, and it hereby is, authorized to secure payment of the loans or other extensions of credit made under the DIP Credit Agreement, interest thereon, and fees and expenses related thereto, and payment and performance of all other obligations and liabilities of the Corporation and its subsidiaries arising under, out of, or in connection with, the DIP Facility, by (i) pledging to Salus, or granting to Salus a lien or mortgage on, or security interest in, all or any portion of the Corporation's assets, including all or any portion of the issued and outstanding capital stock of any subsidiaries of the Corporation, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, mortgages, deeds of trust, control agreements and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions, in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it be further

RESOLVED, that the Officers are, and each of them hereby is, authorized, empowered and directed on behalf of the Corporation to take any and all actions necessary and appropriate to carry out the foregoing resolutions, including to negotiate, execute and deliver any and all instruments, agreements, financing statements or documents of any kind or nature whatsoever evidencing, securing, effectuating, or otherwise in connection with the DIP Credit Agreement, the Loan Documents and/or the DIP Facility, the signature of such Officer thereon to be conclusive evidence that the same was authorized hereby, and to take from time to time any other actions that such Officer shall in his or her discretion determine to be appropriate to effect the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents, whether upon the terms and conditions set forth therein or upon such other terms and conditions as such officer in his or her discretion shall determine to be appropriate; and be it further

RESOLVED, the Board of Directors hereby ratifies, adopts and agrees that the Corporation is bound by all acts performed by any Officer on behalf of the Corporation and that all acts and actions taken by the Officers prior to the date hereof with respect to

17619219

the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents be, and hereby are, in all respects, confirmed, approved and ratified.

### General Authorization

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer or any of the professionals retained by the Corporation to seek relief on behalf of the Corporation and the Filing Subsidiaries under chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case or in connection with such proceedings, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and be it further

RESOLVED, that the Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to take or cause to be taken any and all further actions, to prepare and execute any and all motions, certificates and pleadings, to cause the same to be filed in the Bankruptcy Court, and to execute and deliver or cause to be executed or delivered all such other agreements, documents, certificates and undertakings, and to incur all such fees and expenses, as in the judgment of the Officer so acting, shall be necessary, appropriate, convenient or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

B.    On March 9, 2014 New Ashley Stewart, Inc. and AS IP Holdings, Inc., at meetings of its Board of Directors adopted the following resolutions:

### Confirmation of Retention of Counsels and Advisors

RESOLVED, that the Board of Directors hereby ratifies and approves the retention by the Corporation of (i) the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP as its general restructuring counsel, and (ii) the firm of PricewaterhouseCoopers LLP as its financial restructuring advisor; and be it further

RESOLVED, that the Board of Directors hereby ratifies and approves the retention by the Corporation of the law firm of Cole, Schotz, Meisel, Forman & Leonard P.A. as its New Jersey bankruptcy counsel.

### Filing of Chapter 11 Petition

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, employees, stockholders, and other interested parties, that a voluntary petition be filed by the Corporation and its direct and indirect subsidiaries, if any (each, a "Filing Subsidiary"), seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), including any and all related schedules, motions, lists, applications, pleadings and other papers, copies of which have been provided to the Board of Directors of the Corporation on or prior to the date hereof; and be it further

RESOLVED, that the officers of the Corporation or any one of them (collectively, the "Officers" and each, individually, an "Officer") be, and each hereby is, authorized,

empowered and directed on behalf of the Corporation to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of New Jersey or such other jurisdictions as the Corporation shall deem appropriate (the "Bankruptcy Court"), in such form and at such time as the Officer executing said petition shall determine together with all related schedules, motions, lists, applications, pleadings and other papers, as soon as practicable (the "Bankruptcy Case"); and be it further

RESOLVED, that the Corporation be, and it hereby is, authorized and directed to cause each Filing Subsidiary to take any and all action, including authorizing a filing in Bankruptcy Court, and to execute and deliver any and all documents, agreements, motions and pleadings as are necessary or appropriate to enable such Filing Subsidiary to carry out the filing in Bankruptcy Court contemplated hereby.

***Debtor-in-Possession Financing***

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Corporation, its creditors, employees, stockholders, and other interested parties, for the Corporation to execute and deliver that certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), to be executed and entered into by and among New Ashley Stewart, Inc., as the lead borrower, the borrowers named therein, the guarantors named therein, Salus Capital Partners, LLC ("Salus"), as administrative agent and collateral agent, and the other lenders party thereto, pursuant to which the lenders party thereto will make a senior secured, super-priority debtor-in-possession revolving credit facility in an amount of up to $17,500,000 (the "DIP Facility") available to New Ashley Stewart, Inc. and AS IP Holdings, Inc. upon the entry by the Bankruptcy Court of an Interim Financing Order (as the same may be amended, supplemented or modified by a Final Financing Order), such DIP Credit Agreement to be substantially in the form presented to the Board of Directors, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the terms and conditions of the DIP Facility be and are hereby approved in all respects (including the roll-up of the existing credit facility with Salus into the DIP Facility) and that the Corporation be, and hereby is, authorized to incur all obligations to be incurred by it under the DIP Credit Agreement, including to act as borrower thereunder, as applicable, and to undertake any and all related transactions contemplated thereby; and be it further

RESOLVED, that the Board of Directors hereby approves the execution and delivery and/or acknowledgment of the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) to which the Corporation will be a party, including, without limitation,

(a)     Notes issued by New Ashley Stewart, Inc. and AS IP Holdings, Inc. to each Lender;

(b)     a Security Agreement among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

(c)     a Confirmation and Amendment of Ancillary Loan Documents among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus; and

(d)     a Ratification of Intercreditor and Subordination Agreement among the Corporation, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

each with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the Corporation be, and it hereby is, authorized to secure payment of the loans or other extensions of credit made under the DIP Credit Agreement, interest thereon, and fees and expenses related thereto, and payment and performance of all other obligations and liabilities of the Corporation and its subsidiaries arising under, out of, or in connection with, the DIP Facility, by (i) pledging to Salus, or granting to Salus a lien or mortgage on, or security interest in, all or any portion of the Corporation's assets, including all or any portion of the issued and outstanding capital stock of any subsidiaries of the Corporation, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, mortgages, deeds of trust, control agreements and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions, in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it be further

RESOLVED, that the Officers are, and each of them hereby is, authorized, empowered and directed on behalf of the Corporation to take any and all actions necessary and appropriate to carry out the foregoing resolutions, including to negotiate, execute and deliver any and all instruments, agreements, financing statements or documents of any kind or nature whatsoever evidencing, securing, effectuating, or otherwise in connection with the DIP Credit Agreement, the Loan Documents and/or the DIP Facility, the signature of such Officer thereon to be conclusive evidence that the same was authorized hereby, and to take from time to time any other actions that such Officer shall in his or her discretion determine to be appropriate to effect the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents, whether upon

17619219

the terms and conditions set forth therein or upon such other terms and conditions as such officer in his or her discretion shall determine to be appropriate; and be it further

RESOLVED, the Board of Directors hereby ratifies, adopts and agrees that the Corporation is bound by all acts performed by any Officer on behalf of the Corporation and that all acts and actions taken by the Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents be, and hereby are, in all respects, confirmed, approved and ratified.

*General Authorization*

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer or any of the professionals retained by the Corporation to seek relief on behalf of the Corporation and the Filing Subsidiaries under chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case or in connection with such proceedings, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and be it further

RESOLVED, that the Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to take or cause to be taken any and all further actions, to prepare and execute any and all motions, certificates and pleadings, to cause the same to be filed in the Bankruptcy Court, and to execute and deliver or cause to be executed or delivered all such other agreements, documents, certificates and undertakings, and to incur all such fees and expenses, as in the judgment of the Officer so acting, shall be necessary, appropriate, convenient or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

C.    On March 9, 2014, NAS Gift LLC, at a meeting of its Manager adopted the following resolutions:

*Confirmation of Retention of Counsels and Advisors*

RESOLVED, that the Manager hereby ratifies and approves the retention by the Company of (i) the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP as its general restructuring counsel, and (ii) the firm of PricewaterhouseCoopers LLP as its financial restructuring advisor; and be it further

RESOLVED, that the Manager hereby ratifies and approves the retention by the Company of the law firm of Cole, Schotz, Meisel, Forman & Leonard P.A. as its New Jersey bankruptcy counsel.

*Filing of Chapter 11 Petition*

RESOLVED, that in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), including any and all related schedules, motions, lists, applications, pleadings and other

17619219

papers, copies of which have been provided to the Manager on or prior to the date hereof; and be it further

RESOLVED, that the officers of the Company or any one of them (collectively, the "Officers" and each, individually, an "Officer") be, and each hereby is, authorized, empowered and directed on behalf of the Company to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of New Jersey or such other jurisdictions as the Company shall deem appropriate (the "Bankruptcy Court"), in such form and at such time as the Officer executing said petition shall determine together with all related schedules, motions, lists, applications, pleadings and other papers, as soon as practicable (the "Bankruptcy Case").

### Debtor-in-Possession Financing

RESOLVED, that in the judgment of the Manager, it is desirable and in the best interests of the Company, its creditors, employees, stockholders, and other interested parties, for the Company to execute and deliver that certain Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), to be executed and entered into by and among New Ashley Stewart, Inc., as the lead borrower, the borrowers named therein, the Company, as a guarantor, the other guarantors named therein, Salus Capital Partners, LLC ("Salus"), as administrative agent and collateral agent, and the other lenders party thereto, pursuant to which the lenders party thereto will make a senior secured, super-priority debtor-in-possession revolving credit facility in an amount of up to $17,500,000 (the "DIP Facility") available to New Ashley Stewart, Inc. and AS IP Holdings, Inc. upon the entry by the Bankruptcy Court of an Interim Financing Order (as the same may be amended, supplemented or modified by a Final Financing Order), such DIP Credit Agreement to be substantially in the form presented to the Manager, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the terms and conditions of the DIP Facility be and are hereby approved in all respects (including the roll-up of the existing credit facility with Salus into the DIP Facility) and that the Company be, and hereby is, authorized to incur all obligations to be incurred by it under the DIP Credit Agreement, including to act as guarantor thereunder, as applicable, and to undertake any and all related transactions contemplated thereby; and be it further

RESOLVED, that the Manager hereby approves the execution and delivery and/or acknowledgment of the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) to which the Company will be a party, including, without limitation,

-8-

(a)    a Guaranty Agreement among the Company, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

(b)    a Security Agreement among the Company, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

(c)    a Confirmation and Amendment of Ancillary Loan Documents among the Company, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus; and

(d)    a Ratification of Intercreditor and Subordination Agreement among the Company, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto and Salus;

each with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Officer executing the same shall approve (the execution and delivery thereof by any such Officer to be conclusive evidence of his or her approval of any such additions, deletions or changes); and be it further

RESOLVED, that the Company be, and it hereby is, authorized to secure payment of the loans or other extensions of credit made under the DIP Credit Agreement, interest thereon, and fees and expenses related thereto, and payment and performance of all other obligations and liabilities of the Company and its subsidiaries arising under, out of, or in connection with, the DIP Facility, by (i) pledging to Salus, or granting to Salus a lien or mortgage on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, mortgages, deeds of trust, control agreements and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions, in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval or determination; and it be further

RESOLVED, that the Officers are, and each of them hereby is, authorized, empowered and directed on behalf of the Company to take any and all actions necessary and appropriate to carry out the foregoing resolutions, including to negotiate, execute and deliver any and all instruments, agreements, financing statements or documents of any kind or nature whatsoever evidencing, securing, effectuating, or otherwise in connection with the DIP Credit Agreement, the Loan Documents and/or the DIP Facility, the signature of such Officer thereon to be conclusive evidence that the same was authorized hereby, and to take from time to time any other actions that such Officer shall in his or her discretion determine to be appropriate to effect the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents, whether upon the terms and

conditions set forth therein or upon such other terms and conditions as such officer in his or her discretion shall determine to be appropriate; and be it further

RESOLVED, the Manager hereby ratifies, adopts and agrees that the Company is bound by all acts performed by any Officer on behalf of the Company and that all acts and actions taken by the Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and/or the Loan Documents be, and hereby are, in all respects, confirmed, approved and ratified.

*General Authorization*

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer or any of the professionals retained by the Company to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case or in connection with such proceedings, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and be it further

RESOLVED, that the Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take or cause to be taken any and all further actions, to prepare and execute any and all motions, certificates and pleadings, to cause the same to be filed in the Bankruptcy Court, and to execute and deliver or cause to be executed or delivered all such other agreements, documents, certificates and undertakings, and to incur all such fees and expenses, as in the judgment of the Officer so acting, shall be necessary, appropriate, convenient or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

It is understood and acknowledged that the undersigned is executing this Certificate not in an individual capacity but solely in his capacity as an officer of aforesaid entities (the "Companies") and is without any personal liability as to the matters contained in this Certificate.

-10-

17619219

IN WITNESS WHEREOF, the undersigned has executed this Certificate in the name of and on behalf of the Companies this 9th day of March, 2014.

By: _____

Michael A. Abate
Sr. Vice President Finance/Treasurer
and Secretary

17619219