**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors*
  *and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,**
  **FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors*
  *and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., | Case No. 14-14383 |
| Debtor. | |
| In re: | Chapter 11 |
| NEW ASHLEY STEWART, INC., | Case No. 14-14384 |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| AS IP HOLDINGS, INC., | Case No. 14-14385 |
| Debtor. | |
| In re: | Chapter 11 |
| NAS GIFT LLC, | Case No. 14-14386 |
| Debtor. | |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CASE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Ashley Stewart") file this motion (the "Motion") for entry of an order directing joint administration of their related Chapter 11 cases. In support of this Motion, the Debtors rely on the Declaration of Michael A. Abate in Support of First Day Pleadings (the "Abate Declaration") filed contemporaneously with this Motion and respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended

17477114

(the "Bankruptcy Code") (collectively, the "Chapter 11 Cases") in the United States Bankruptcy

Court for the District of New Jersey (the "Court").

3.       The Debtors are operating their businesses and managing their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of

the filing of this Motion, no trustee, examiner or creditors' committee has been requested or

appointed in these Chapter 11 Cases.

4.       Additional background facts surrounding the commencement of these

Chapter 11 Cases are more fully described in the Abate Declaration, which are incorporated

herein by reference.

## Relief Requested

5.       By this Motion, the Debtors seek entry of an order directing joint

administration of these Chapter 11 Cases for procedural purposes only.  The Debtors request that

the Court maintain one file and one docket for all of the jointly administered cases under the case

number assigned to Ashley Stewart Holdings, Inc. and that these Chapter 11 Cases be

administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., et al.,[1] | Case No. 14-14383 |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ashley Stewart Holdings, Inc. (6790); New Ashley Stewart, Inc. (6655); AS IP Holdings, Inc. (6890); and NAS Gift LLC (5413).  The Debtors' corporate offices are located at 100 Metro Way, Secaucus, NJ 07094.

17477114

6.      The Debtors also request that an entry be made on the docket of each of the Debtors' Chapter 11 Cases, other than the case set forth in the proposed caption above, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 cases of Ashley Stewart Holdings, Inc., et al. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-14383.

## Basis for Relief

A.      *Joint Administration is Appropriate Under the Circumstances*

7.      As set forth in the Abate Declaration, the Debtors in these Chapter 11 Cases are Ashley Stewart Holdings, Inc., New Ashley Stewart, Inc., AS IP Holdings, Inc., and NAS Gift LLC, each of which are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

8.      Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party-in-interest.  Many of the motions, hearings and orders that will arise in these cases will affect each and every Debtor.  The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the Court, the Office of the United States Trustee for the District of New Jersey and all parties-in-interest to monitor these Chapter 11 Cases with greater ease.

9.      Joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates.  Parties-in-interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

-3-

17477114

B.      *The Bankruptcy Rules Authorize Joint Administration*

10.     Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.     The entry of a joint administration order in multiple related cases is common and generally non-controversial in this and other districts. See, e.g., In re Dots, LLC, No. 14-11016 (DHS) (Bankr. D.N.J. Jan. 22, 2014); In re Global Aviation Holdings, No 13-12945 (MFW) (Bankr. D. Del. Nov. 17, 2013); In re Physiotherapy Holdings, Inc., No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013); In re RIH Acquisitions NJ, LLC, No. 13-34483 (GMB) (Bankr. D.N.J. Nov. 8, 2013); In re OnCure Holdings, Inc., No. 13-11540 (KG) (Bankr. D. Del. June 18, 2013); In re Ormet Corp., No. 13-10334 (MFW) (Bankr. D. Del. Feb. 27, 2013); In re Vertis Holdings, Inc., No. 12-12821 (CSS) (Bankr. D. Del. Oct. 12, 2012).

12.     As set forth above and in the Abate Declaration, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors and all other parties-in-interest.

## Waiver of Memorandum of Law

13.     Because the legal points and authorities upon which this Motion relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

17477114

## Notice

14.      The Debtors shall provide notice of this Motion by facsimile and/or overnight mail to:  (i) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis as identified in their chapter 11 petitions; (ii) counsel to the Debtors' prepetition senior lenders and DIP lenders; (iii) counsel to the Debtors' prepetition subordinated lenders; (iv) the Office of the United States Trustee for the District of New Jersey; (v) the Internal Revenue Service; and (vi) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## No Prior Request

15.      No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page left bank intentionally*]

-5-

17477114

WHEREFORE, the Debtors respectfully request that the Court grant the Motion

and such other relief as is just and proper under the circumstances.

Dated:    March 10, 2014                         Respectfully submitted,


                                    **CURTIS, MALLET-PREVOST,**
                                     **COLT & MOSLE LLP**
                                    Steven J. Reisman
                                    Cindi M. Giglio (*pro hac vice* pending)
                                    Bryan M. Kotliar (*pro hac vice* pending)
                                    101 Park Avenue
                                    New York, NY 10178-0061
                                    Telephone: (212) 696-6000
                                    Facsimile:  (212) 697-1559

                                    *Proposed Counsel for the Debtors and*
                                     *Debtors-in-Possession*


                                    -and-

                                    **COLE, SCHOTZ, MEISEL,**
                                     **FORMAN & LEONARD P.A.**


                                    By: */s/ Ilana Volkov*
                                    Michael D. Sirota
                                    Ilana Volkov
                                    Court Plaza North
                                    25 Main Street
                                    Hackensack, NJ 07601
                                    Telephone:  (201) 489-3000
                                    Facsimile:  (201) 489-1536

                                    *Proposed Co-Counsel for the Debtors and*
                                     *Debtors-in-Possession*

-6-