**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., et al.,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE
TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES,
(II) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
(III) SCHEDULES OF CURRENT INCOME AND EXPENDITURE AND
<u>(IV) STATEMENTS OF FINANCIAL AFFAIRS</u>**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ashley Stewart Holdings, Inc. (6790); New Ashley Stewart, Inc. (6655); AS IP Holdings, Inc. (6890); and NAS Gift LLC (5413). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, NJ 07094.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Ashley Stewart") file this motion (the "Motion") for entry of an order extending the time to file (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs. In support of this Motion, the Debtors rely on the Declaration of Michael A. Abate in Support of First Day Pleadings (the "Abate Declaration") filed contemporaneously with this Motion and respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no trustee, examiner or creditors' committee has been requested or appointed in these Chapter 11 Cases.

4. Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the Abate Declaration, which are incorporated herein by reference.

**Relief Requested**

5. By this Motion, the Debtors respectfully request that the Court, for the reasons set forth below, extend the 14-day period within which to file their Schedules for an additional thirty (30) days, without prejudice to the Debtors' ability to request additional time should it become necessary. The Debtors will endeavor to complete the schedules in a quicker time-frame, particularly because such information will be necessary to disclose to a going concern purchaser.

**Basis for Relief**

A. *Cause Exists to Extend the Time to File Schedules*

6. Pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors are required to file, within 14 days of the Petition Date, (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, (iii) schedules of current income and expenditures and (iv) statements of financial affairs (collectively, the "Schedules").

7. Bankruptcy Rule 1007(c) provides that "any extension of time for the filing of the schedules . . . may be granted only on motion for cause shown. . . ." As set forth below, the Debtors submit that there is adequate cause shown to grant an extension of their time to file schedules for an additional thirty (30) days through and including April 22, 2014.

-2-

B.  *Filing Schedules Within 14 Days is Unduly Burdensome*

8.  On the Petition Date, the Debtors filed with this Court a list of their secured creditors and a consolidated list of creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (each on a consolidated basis).

9.  To prepare the Schedules, the Debtors must compile information from their books, records, and other sources relating to their numerous assets and contracts, as well as over 2,200 creditors. Assembling the necessary information within the 14-day time period would be a significant burden on the Debtors, and could adversely impact the Debtors' business operations during that period and the Debtors' reorganization and sale efforts. Additionally, the Debtors have filed a motion seeking to employ a claims administrator and plan to file a motion seeking to employ a financial advisor to assist the Debtors with preparing and maintaining the Debtors' Schedules, among other services.

10. Although the Debtors' employees are working diligently to gather the information necessary for the preparation of the Schedules, the volume of information is significant and resources are limited. In view of the amount of work entailed in completing the Schedules and the competing demands on the Debtors' employees to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors likely will not be able to properly and accurately complete the Schedules within the 14-day time period imposed under the Rules.

11. At the present time, the Debtors anticipate they will require at least 30 additional days to complete the Schedules. The Debtors, therefore, request that the Court extend the 14-day period for an additional thirty (30) days, to April 22, 2014. However, the Debtors will endeavor to complete the schedules in a quicker time-frame, particularly because such

information will be necessary to disclose to a going concern purchaser. In light of (i) the large amount of information that must be assembled and compiled, (ii) the significant amount of employee time that must be devoted to the task of completing the Schedules, (iii) the many pressing items that must be addressed at the inception of these cases, and (iv) the need to provide schedules in connection with pursuing a going concern sale transaction, the Debtors respectfully submit that ample cause exists for the requested extension.

12.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Waiver of Memorandum of Law

13.     Because the legal points and authorities upon which this Motion relies are incorporated herein and do not raise any novel issues of law, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-2 be deemed waived.

## Notice

14.     The Debtors shall provide notice of this Motion by facsimile and/or overnight mail to: (i) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis as identified in their chapter 11 petitions; (ii) counsel to the Debtors' prepetition senior lenders and DIP lenders; (iii) counsel to the Debtors' prepetition subordinated lenders; (iv) the Office of the United States Trustee for the District of New Jersey; (v) the Internal Revenue Service; and (vi) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Due to the urgency of the

circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

## No Prior Request

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion and such other and further relief as is just and proper under the circumstances.

Dated: March 10, 2014

Respectfully submitted,

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
Steven J. Reisman
Cindi M. Giglio (*pro hac vice* pending)
Bryan M. Kotliar (*pro hac vice* pending)
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Proposed Counsel for the Debtors and*
 *Debtors-in-Possession*

-and-

**COLE, SCHOTZ, MEISEL,**
 **FORMAN & LEONARD P.A.**

By: */s/ Ilana Volkov*
Michael D. Sirota
Ilana Volkov
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

*Proposed Co-Counsel for the Debtors and*
 *Debtors-in-Possession*

17477144