Order Filed on
3/11/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-2(c)

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., et al.,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**ORDER AUTHORIZING APPOINTMENT OF
PRIME CLERK AS CLAIMS AND NOTICING AGENT**

**DATED: 3/11/2014**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Ashley Stewart Holdings, Inc. (6790); New Ashley Stewart, Inc. (6655); AS IP Holdings, Inc. (6890); and NAS Gift LLC (5413). The Debtors' corporate offices are located at 100 Metro Way, Secaucus, NJ 07094.

Page: 1
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

---

The relief set forth on the following pages, numbered two (2) through six (6), is hereby ORDERED.

17477156

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:  2
Debtor:  Ashley Stewart Holdings, Inc., et al.
Case No.:  14-14383
Caption:  Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

Upon the Application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for an order (this "Order") authorizing the appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in connection with the above-captioned chapter 11 cases; and upon the Declaration of Michael A. Abate in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and the Declaration of Michael Frishberg in support thereof (the "Frishberg Declaration"); and the Court being satisfied based on the representations made in the Application and the Frishberg Declaration that Prime Clerk neither holds nor represents an interest adverse to the Debtors' estates nor has a connection to the Debtors, their creditors or their related parties; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Application.

-2-

17477156

*Approved by Judge Michael Kaplan  March 11, 2014*

Page: 3
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

---

2. The Debtors are authorized to retain Prime Clerk effective as of the Petition Date under the terms of the Services Agreement, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, as described in the Application as the Prime Clerk Services.

3. Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

4. Prime Clerk is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Services Agreement, upon receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk in the prior month and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur upon the presentation of appropriate documentation without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Prime Clerk shall maintain records of all services performed, showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly

Case 14-14383-MBK    Doc 42    Filed 03/11/14    Entered 03/11/14 16:07:07    Desc Main
Document    Page 5 of 7

Page:       4
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383
Caption:    Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for the Debtors' postpetition lenders, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to Bankruptcy Code section 503(b)(1)(A), the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

10. As further set forth in the Application, Prime Clerk may apply its retainer to its prepetition invoices and have such retainer replenished to the original amount. Prime Clerk may hold the retainer under the Services Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred in performing the Prime Clerk Services, with any remaining amount to be held as security for the payment of approved fees and expenses incurred in performing other authorized services under the Services Agreement.

11. Prime Clerk shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

12. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk for any claim or expense that is: (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful

Case 14-14383-MBK    Doc 42    Filed 03/11/14    Entered 03/11/14 16:07:07    Desc Main
Document    Page 6 of 7

Page: 5
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege breach of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2007); or (iii) settled prior to a judicial determination under (i) or (ii) but determined by the Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution or reimbursement under the terms of the Service Agreement, as modified by this Order.

13. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation that advancement of defense costs, Prime Clerk must file an application therefor in the Court, the Debtors may not pay any amounts to Prime Clerk before the entry of an order by the Court approving the payment. This paragraph is intended only to specify the time period through which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution or reimbursement and does not limit the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution or reimbursement.

14. In the event Prime Clerk is unable to provide the services set out in this Order, Prime Clerk will immediately notify the Clerk and Debtors' counsel and have all original

Case 14-14383-MBK    Doc 42    Filed 03/11/14    Entered 03/11/14 16:07:07    Desc Main
Document    Page 7 of 7

Page: 6
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing Appointment Of Prime Clerk As Claims And Noticing Agent

proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of Debtors' counsel.

15. Notwithstanding any term in the Services Agreement to the contrary, Prime Clerk shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

16. Notwithstanding anything contained in the Motion or in this Order to the contrary, any authority granted to the Debtors herein to make any payment shall be subject to any orders authorizing the Debtors to use cash collateral or access postpetition financing.

17. In the event of any inconsistency between the Services Agreement, the Application and this Order, the terms of the Order shall govern.

18. Notwithstanding the possible applicability of Rule 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

21. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.