Order Filed on
3/11/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
   FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF CERTAIN
PREPETITION TAXES AND (II) AUTHORIZING AND DIRECTING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED ELECTRONIC
<u>TRANSFERS AND CHECKS</u>**

**DATED: 3/11/2014**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:       1
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383
Caption:    Order (I) Authorizing, but Not Directing, Payment of Certain Prepetition Taxes and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Electronic Transfers and Checks

---

      The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

17477150

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:      2
Debtor:    Ashley Stewart Holdings, Inc., et al.
Case No.:  14-14383
Caption:   Order (I) Authorizing, but Not Directing, Payment of Certain Prepetition Taxes and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Electronic Transfers and Checks

---

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing but not directing payment of certain prepetition taxes and (b) authorizing the Debtors' Banks, when requested by the Debtors, to receive, process, honor and pay any and all electronic transfers and checks related to the prepetition Taxes; and upon the Declaration of Michael A. Abate in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, its creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Debtors, in their business judgment, are authorized, but not directed to pay all prepetition Taxes, including all those Taxes subsequently determined upon audit to be owed for periods prior to the Petition Date, to the proper Taxing Authorities, provided, however,

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

-2-

17477150

Page:     3
Debtor:   Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption:  Order (I) Authorizing, but Not Directing, Payment of Certain Prepetition Taxes and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Electronic Transfers and Checks

---

that the amount of payments relating to prepetition Taxes shall not exceed $1,100,000 absent further order of the Court.

2. The Debtors are authorized, but not directed, to issue postpetition checks in replacement of any electronic transfers or checks issued in respect of prepetition Taxes that are dishonored or rejected.

3. All banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of such prepetition obligations approved herein are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments), (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order, and (iii) rely on the Debtors' representation that such checks or wire are permitted to be honored pursuant to first day motions and orders, none of the banks shall have any obligation to verify same and shall have no liability for honoring checks or wires authorized by the Debtors.

4. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained herein, shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

5. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity or amount of any Taxes.

17477150

-3-

*Approved by Judge Michael Kaplan  March 11, 2014*

| | |
|---|---|
| Page: | 4 |
| Debtor: | Ashley Stewart Holdings, Inc., et al. |
| Case No.: | 14-14383 |
| Caption: | Order (I) Authorizing, but Not Directing, Payment of Certain Prepetition Taxes and (II) Authorizing and Directing Financial Institutions to Honor and Process Related Electronic Transfers and Checks |

6. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.

17477150

-4-

*Approved by Judge Michael Kaplan March 11, 2014*