Order Filed on
3/11/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-2(c)

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER DETERMINING ADEQUATE
<u>ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES</u>**

**DATED: 3/11/2014**

*Honorable Michael B. Kaplan*
*United States Bankruptcy Judge*

| | |
|---|---|
| Page: | 1 |
| Debtor: | Ashley Stewart Holdings, Inc., et al. |
| Case No.: | 14-14383 |
| Caption: | Interim Order Determining Adequate Assurance of Payment for Future Utility Services |

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby ORDERED.

17513621

*Approved by Judge Michael Kaplan  March 11, 2014*

Page: 2
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Interim Order Determining Adequate Assurance of Payment for Future Utility Services

---

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by the Debtors' establishment of the Utility Deposit Account, (b) approving the Debtors' proposed procedures whereby Utility Providers may request additional or different adequate assurance, (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding and on account of any perceived inadequacy of the Debtors' proposed adequate assurance, and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by the Motion; and upon the Declaration of Michael A. Abate in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that failure to grant the relief requested in the Motion immediately will cause immediate and irreparable harm to the Debtors; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

-2-

17513621

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:     3
Debtor:   Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption:  Interim Order Determining Adequate Assurance of Payment for Future Utility Services

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Absent further order of this Court, the Utility Providers, including any subsequently added Utility Providers, are hereby prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the date of commencement of these cases, and (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision to the Debtors of utility services, including the furnishing of gas, heat, electricity, water, telephone service or any other utility of like kind.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each of the Utility Providers listed on **Exhibit A** attached to the Motion, at the addresses listed thereon, by first-class mail, postage prepaid, within three (3) business days after entry of this Order.

4. The Debtors shall, on or before twenty (20) days after the date on which each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"), deposit $150,000 (the "Utility Deposit") into an interest-bearing, segregated account (the "Utility Deposit Account"), with such Utility Deposit to be held in escrow, pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition utility services to the Debtors.

-3-

17513621

*Approved by Judge Michael Kaplan  March 11, 2014*

Page: 4
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Interim Order Determining Adequate Assurance of Payment for Future Utility Services

5. Absent further order of the Court, if a Utility Provider is not satisfied with the assurance of payment provided under this Order, the Utility Provider must serve a written request (each, a "Request") for additional assurance of payment, which Request must be served upon the Debtors at the following addresses: (a) Ashley Stewart Holdings, Inc., 100 Metro Way, Secaucus, NJ 07094, Attn.: Michael A. Abate; (b) Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178, Attn.: Steven J. Reisman, Esq. and Cindi M. Giglio, Esq.; and (c) Cole, Schotz, Meisel, Forman & Leonard P.A., Court Plaza North, 25 Main Street, Hackensack, NJ 07601, Attn: Michael D. Sirota, Esq. and Ilana Volkov, Esq., in each case so that it is actually received by the Debtors. The Request must set forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account and a summary of the Debtors' payment history on each account.

6. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving a Request, if the Debtors in their discretion determine that the Request is reasonable or if the parties negotiate alternate consensual provisions. The Debtors will only enter into such agreements after consulting with their lender under their postpetition DIP financing facility.

7. If the Debtors believe that a Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Provider, the Debtors shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (each, a "Determination Motion") seeking a determination from the Court that the Utility Deposit Account, plus any additional

Page: 5
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Interim Order Determining Adequate Assurance of Payment for Future Utility Services

---

consideration offered by the Debtors, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the Request may not alter, refuse or discontinue services to the Debtors nor recover or set off against a prepetition deposit.

8. Any Utility Provider that fails to make a Request shall be deemed to be satisfied that the Utility Deposit Account provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 Cases.

9. The Debtors are authorized, in their reasonable business judgment, to supplement the list of Utility Providers on **Exhibit A** to the Motion at any time. Any subsequently identified Utility Provider set forth on a supplemental exhibit will fall within the scope of this Order from the date of the filing of the supplemental exhibit. For those Utility Providers that are subsequently added to **Exhibit A**, the Debtors shall serve a copy of the Motion and this interim order on such Utility Provider, along with an amended **Exhibit A** that includes such Utility Provider.

10. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of

-5-

17513621

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:     6
Debtor:   Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption:  Interim Order Determining Adequate Assurance of Payment for Future Utility Services

---

the Bankruptcy Code nor shall anything herein be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

11. A final hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on ___April 1___, 2014 at 1:00 p.m. (prevailing Eastern Time).

12. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

13. Nothing in the Motion or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

14. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

17513621

*Approved by Judge Michael Kaplan  March 11, 2014*

| | |
|---|---|
| Page: | 7 |
| Debtor: | Ashley Stewart Holdings, Inc., et al. |
| Case No.: | 14-14383 |
| Caption: | Interim Order Determining Adequate Assurance of Payment for Future Utility Services |

16. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. Any objection to entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on (a) the Debtors, (b) co-counsel to the Debtors, (c) counsel to the Debtors' prepetition senior and proposed postpetition lenders, (d) counsel to the Debtors' prepetition subordinated lenders, (e) the Newark Office of the United States Trustee for Region 3, and (f) counsel to any official committee appointed in these Chapter 11 Cases by no later than March 25, 2014, 2014, at 5:00 p.m. (prevailing Eastern Time).

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.

*Approved by Judge Michael Kaplan March 11, 2014*