UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**ORDER AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF CERTAIN
<u>PREPETITION COMMON CARRIER, WAREHOUSE AND RELATED OBLIGATIONS</u>**

**DATED: 3/11/2014**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

*Order Filed on 3/11/2014 by Clerk U.S. Bankruptcy Court District of New Jersey*

| | |
|---|---|
| Page: | 1 |
| Debtor: | Ashley Stewart Holdings, Inc., et al. |
| Case No.: | 14-14383 |
| Caption: | Order Authorizing, but Not Directing, Payment of Certain Prepetition Common Carrier, Warehouse and Related Obligations |

      The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

17486362

*Approved by Judge Michael Kaplan  March  11, 2014*

Page: 2
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing, but Not Directing, Payment of Certain Prepetition Common Carrier, Warehouse and Related Obligations

---

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to pay certain prepetition claims of shippers, logistics providers, warehousemen and other lien claimants, and (b) authorizing and directing financial institutions to receive, process, honor and pay all related checks issued and electronic payment requests; and upon the Declaration of Michael A. Abate in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6003, the Debtors are authorized, but not directed, to make such payments, in amounts not to exceed $825,000 in the aggregate absent further order of the Court, to the Common Carriers as the Debtors determine, in the exercise of their reasonable business

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

17486362

*Approved by Judge Michael Kaplan  March 11, 2014*

Page: 3
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing, but Not Directing, Payment of Certain Prepetition Common Carrier, Warehouse and Related Obligations

---

judgment, are necessary or appropriate in order to obtain release of goods held by such Common Carriers.

2. All payments made pursuant to this Order shall be subject to the following conditions:

   a. The Debtors, in their reasonable business judgment, shall determine which parties, if any, are entitled to payment under this Motion;

   b. Prior to making a payment to a party under this Motion, the Debtors may, in their reasonable business judgment, settle all or some of the prepetition claims of such party for less than their face value without further notice or hearing; and

   c. The Debtors will only take such actions after consultation with the lender under their postpetition financing facility.

3. All applicable banks and other financial institutions are hereby authorized and directed to receive, process, honor and pay any and all checks evidencing amounts paid by the Debtors pursuant to the Motion, whether presented prior to or after the Petition Date.

4. The Debtors are authorized to issue postpetition checks as necessary to replace any prepetition checks that were issued with respect to the Charges and may be dishonored.

5. Notwithstanding anything in the Motion or in this Order to the contrary, any authority granted to the Debtors herein to make any payment shall be subject to any orders authorizing the Debtors to use cash collateral or access postpetition financing.

6. Nothing in this Order or the Motion shall be construed to limit, or in any way affect, the Debtors' ability to contest any claims on any ground permitted by applicable law.

-3-

Page: 4
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order Authorizing, but Not Directing, Payment of Certain Prepetition Common Carrier, Warehouse and Related Obligations

---

7. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.

*Approved by Judge Michael Kaplan March 11, 2014*