Order Filed on
3/11/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
 and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
 FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
 and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., et al.,[1] | Case No. 14-14383 |
| Debtors. | (Joint Administration Requested) |

**ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO
(I) CONTINUE PREPETITION INSURANCE COVERAGE AND (II) MAINTAIN
PREPETITION PREMIUM FINANCING AGREEMENTS; AND (B) AUTHORIZING
AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR RELATED CHECKS
<u>AND ELECTRONIC PAYMENT REQUESTS</u>**

**DATED: 3/11/2014**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:      1
Debtor:    Ashley Stewart Holdings, Inc., et al.
Case No.:  14-14383
Caption:   Order (A) Authorizing, but Not Directing, the Debtors to (I) Continue Prepetition Insurance Coverage and (Ii) Maintain Prepetition Premium Financing Agreements; and (B) Authorizing and Directing Financial Institutions to Honor Related Checks and Electronic Payment Requests

---

The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

*Approved by Judge Michael Kaplan  March  11, 2014*

Page:       2
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383
Caption:    Order (A) Authorizing, but Not Directing, the Debtors to (I) Continue Prepetition Insurance Coverage and (Ii) Maintain Prepetition Premium Financing Agreements; and (B) Authorizing and Directing Financial Institutions to Honor Related Checks and Electronic Payment Requests

---

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 363 and 365 of the Bankruptcy Code authorizing the Debtors to (i) assume certain finance agreements and (ii) enter into new insurance policies and finance agreements, to the extent necessary, in the ordinary course of business; and upon consideration of the Declaration of Michael A. Abate in Support of First Day Pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to maintain their insurance programs without interruption, on the same basis, and in accordance with the same practices and procedures that were in effect prior to the Petition Date.

2. The Debtors are authorized, but not directed to, renew and/or enter into new insurance policies and related finance agreements as they deem necessary, in the ordinary course and without further order of this Court.

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

-2-

17478827

*Approved by Judge Michael Kaplan  March  11, 2014*

Page: 3
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383
Caption: Order (A) Authorizing, but Not Directing, the Debtors to (I) Continue Prepetition Insurance Coverage and (Ii) Maintain Prepetition Premium Financing Agreements; and (B) Authorizing and Directing Financial Institutions to Honor Related Checks and Electronic Payment Requests

---

3. All of the Debtors' banks are authorized and directed to receive, honor, process and pay, to the extent of funds on deposit, any and all checks or electronic transfers drawn on the Debtors' bank accounts relating to the obligations under the insurance policies, including those checks or electronic transfers that have not cleared the banks as of the Petition Date.

4. The Debtors are authorized, but not directed, to continue and honor the terms of their existing premium financing agreements (the "PFAs").

5. The Debtors are authorized, but not directed to, replace any prepetition checks or electronic transfers relating to their insurance obligations that may be dishonored or rejected.

6. The Debtors' banks may rely on the representations of the Debtors as to which checks or electronic transfers are in payment of the insurance obligations.

7. Nothing in this Order or in the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Debtors' insurance programs.

8. With the exception of the PFAs, which are expressly assumed by the Debtors, to the extent that any insurance program or policy or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of any such insurance program, policy, contract, or related agreement pursuant to section 365 of the Bankruptcy Code.

Page:    4
Debtor:    Ashley Stewart Holdings, Inc., et al.
Case No.:    14-14383
Caption:    Order (A) Authorizing, but Not Directing, the Debtors to (I) Continue Prepetition Insurance Coverage and (Ii) Maintain Prepetition Premium Financing Agreements; and (B) Authorizing and Directing Financial Institutions to Honor Related Checks and Electronic Payment Requests

---

9.  Notwithstanding anything in the Motion or in this Order to the contrary, any authority granted to the Debtors herein to make any payments shall be subject to any orders authorizing the Debtors to use cash collateral or access postpetition financing.

10. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

12. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.

-4-

17478827

*Approved by Judge Michael Kaplan  March 11, 2014*