Order Filed on
3/11/2014
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Cindi M. Giglio
Bryan M. Kotliar

*Proposed Counsel to the Debtors
  and Debtors-in-Possession*

**COLE, SCHOTZ, MEISEL,
  FORMAN & LEONARD P.A.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Michael D. Sirota
Ilana Volkov

*Proposed Co-Counsel to the Debtors
  and Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ASHLEY STEWART HOLDINGS, INC., <u>et al.</u>,[1] | Case No. 14-14383 (MBK) |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN
<u>PREPETITION CLAIMS OF CRITICAL VENDORS</u>**

**DATED: 3/11/2014**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:      1
Debtor:    Ashley Stewart Holdings, Inc., et al.
Case No.:  14-14383 (MBK)
Caption:   Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

---

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby ORDERED.

17486349

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:       2
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383 (MBK)
Caption:    Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

---

Upon the motion (the "Motion")[1] of the debtors and debtors-in-possession in the above-captioned cases (the "Debtors") for entry of an order (this "Interim Order") authorizing the Debtors, in their discretion, to pay the prepetition claims of certain critical vendors and service providers; and upon the Declaration of Michael A. Abate in Support of First Day Pleadings; and it appearing that the relief requested is in the best interests of the Debtors' estates, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* dated as of September 18, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. This Interim Order shall remain in full force and effect until such time as this Court enters an order ruling on the Motion on a final basis.

3. The Debtors, in the exercise of their business judgment, are authorized, but not required, to pay certain prepetition claims of certain Critical Vendors (the "Critical Vendor Claims"), subject to the conditions set forth in this Interim Order.

---

[1] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Motion.

-2-

17486349

*Approved by Judge Michael Kaplan  March 11, 2014*

Case 14-14383-MBK    Doc 48    Filed 03/11/14    Entered 03/11/14 16:25:42    Desc Main
Document    Page 4 of 8

Page:       3
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383 (MBK)
Caption:    Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

4. Pending the entry of the Final Order, the Debtors may not make payments in excess of the Interim Critical Vendor Cap of $700,000 on the Critical Vendor Claims.

5. A hearing to consider approval of the Motion on a final basis shall take place before The Honorable Michael B. Kaplan at the United States Bankruptcy Court for the District of New Jersey, Martin Luther King Jr. Building, 50 Walnut Street, Newark, New Jersey 07102 on April 1, 2014 at 1:00 p..m. (prevailing Eastern Time).

6. The Debtors shall undertake all appropriate efforts to cause each Critical Vendor to enter into an agreement with the appropriate Debtor entity (the "Trade Agreement") containing the following non-exclusive terms:

    a. The amount of such Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of the Interim Order and shall not be deemed a claim allowed by the Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of the Court);

    b. The Critical Vendor's agreement to be bound by the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs), which were favorable to the Debtors and in effect between such Critical Vendor and the Debtors on a historical basis for the period within one hundred twenty days of the Petition Date, or such other trade terms as mutually agreed to by the Debtors and such Critical Vendor;

    c. The Critical Vendor's agreement to provide goods to the Debtors based upon Customary Trade Terms, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

    d. The Critical Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any Lien (a "Lien") (regardless

-3-

Case 14-14383-MBK    Doc 48    Filed 03/11/14    Entered 03/11/14 16:25:42    Desc Main
Document      Page 5 of 8

Page:       4
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383 (MBK)
Caption:    Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

e. The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of the Interim Order and consents to be bound thereby;

f. The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. The Critical Vendor's agreement that if it has received payment of a prepetition claim but subsequently refuses to supply goods to the Debtors on Customary Trade Terms, that any payments received by the Critical Vendor on account of its Critical Vendor Claim will be deemed to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor, and that such Critical Vendor shall immediately repay to the Debtors any payments received on account of its Critical Vendor Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of setoff or reclamation.

7. The Debtors are authorized, in the exercise of their reasonable business judgment, to make payments on account of Critical Vendor Claims, even in the absence of a Trade Agreement, if the Debtors determine that failure to pay such Critical Vendor Claim is likely to result in significant harm to the Debtors' business operations.

8. The Debtors may, in the exercise of their reasonable business judgment, declare a Trade Agreement with an individual Critical Vendor to have terminated, together with the other benefits to the Critical Vendor as contained in this Interim Order, on the date the Debtors deliver notice to the Critical Vendor that the Critical Vendor has not complied with the

Case 14-14383-MBK    Doc 48    Filed 03/11/14    Entered 03/11/14 16:25:42    Desc Main
Document    Page 6 of 8

Page:       5
Debtor:     Ashley Stewart Holdings, Inc., et al.
Case No.:   14-14383 (MBK)
Caption:    Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

terms and provisions of the Trade Agreement or has failed to continue to provide Customary Trade Terms to the Debtors.

9.  If a Trade Agreement is terminated as set forth above, or a Critical Vendor who has received payment of a prepetition claim later refuses to continue to supply goods to the Debtors on Customary Trade Terms during the pendency of these Chapter 11 Cases, the Debtors may, in their discretion, declare that provisional payments made to the Critical Vendor on account of prepetition Trade Claims be deemed to have been in payment of then outstanding postpetition amounts owed to such Critical Vendor without further order of the Court or action by any person or entity. A Critical Vendor shall then immediately repay to the Debtors any payments made to it on account of its Critical Vendor Claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor, without the right of setoff or reclamation, it being the express intention of this Court to return the parties to the status quo in effect as of the date of entry of this Interim Order with respect to all prepetition claims if a Trade Agreement is terminated.

10. The execution of a Trade Agreement by the Debtors shall not be declared a waiver of any other cause of action, including avoidance actions that may be held by the Debtors.

11. All banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of such prepetition obligations approved herein are authorized and directed to (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (assuming that sufficient funds are then available in the Debtors' bank accounts to cover such payments), (ii) rely on the Debtors' designation of

-5-

Page: 6
Debtor: Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383 (MBK)
Caption: Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

---

any particular check or electronic payment request as approved by this Order and (iii) rely on the Debtors' representation that such checks or wires are permitted to be honored pursuant to first day motions and orders, and none of the banks shall have any obligation to verify same and shall have no liability for honoring checks or wires authorized by the Debtors.

12. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

13. The relief requested in the Motion is necessary to avoid immediate and irreparable harm and, thus, notwithstanding the possible applicability of Bankruptcy Rule 6003, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

15. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

-6-

17486349

*Approved by Judge Michael Kaplan  March 11, 2014*

Page:     7
Debtor:   Ashley Stewart Holdings, Inc., et al.
Case No.: 14-14383 (MBK)
Caption:  Interim Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors

___

18. A true copy of this Order shall be served on all parties-in-interest by regular mail within seven (7) days hereof.

17486349

*Approved by Judge Michael Kaplan  March 11, 2014*